# EXHIBIT 2

IN THE DISTRICT COURT OF PONTOTOC COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| DSB OAKGLEN, LP, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CJ-15-206 |
| SCOTTSDALE INSURANCE COMPANY, | ) |
| Defendant. | ) |

FILED DEC - 4 2015 KAREN DUNNIGAN, Court Clerk Pontotoc County, Oklahoma By_____ Deputy

## PETITION

**COMES NOW** the Plaintiff, DSB OAKGLEN, LP (hereinafter "Plaintiff"), and for its causes of action against Defendant, SCOTTSDALE INSURANCE COMPANY, (hereinafter referred to as "Defendant"), does hereby allege and state as follows:

### STATEMENT OF FACTS

1. Plaintiff is situated in Ada, Pontotoc County, Oklahoma. Plaintiff has an insurable interest in the property located at 400 NE Richardson Loop, Ada, Oklahoma 74820 (hereinafter referred to as "Building").

2. Defendant is an insurance company incorporated under the laws of the State of Delaware, and is registered to engage in the business of insurance in the State of Oklahoma.

3. Plaintiff entered into a contract for insurance with Defendant to provide coverage for its property and its contents. Plaintiff's insured property is located in Pontotoc County, Oklahoma.

1

4. Defendant issued the Commercial policy of insurance, Policy CFS0203900 (the "Policy"), to the Plaintiff.

5. Defendant represented to the Plaintiff that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims. Plaintiff relied on said representations.

6. On or about December 14, 2013, the Building insured under the Policy was severely damaged as a direct result of a wind/hailstorm.

7. Plaintiff timely and properly submitted a claim to Defendant, for the property damage incurred due to the wind/hailstorm.

8. Defendant confirmed that the cause of Plaintiff's property damage claim was due to wind/hailstorm, that the loss was covered under the terms and conditions of the Policy with Defendant, and assigned a claim number of 01534884.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

9. Plaintiff adopts and incorporates by reference paragraphs 1 through 8 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

10. Plaintiff entered into a contract for insurance with Defendant to provide coverage for the Building, business loss, and business personal property.

11. At all times material hereto, the Policy, No. CFS0203900, was in full force and effect.

12. Plaintiff provided timely and proper notice of its claim of all covered damages resulting from the wind/hailstorm on or about December 13, 2013.

13. Plaintiff has complied with the terms and conditions and all conditions precedent under the Policy.

14. As to the the windstorm/hailstorm damages that underlie Plaintiff's claim, Defendant has only paid twenty-one thousand, three hundred and 31/100 dollars ($21,300.31) in insurance benefits to date for those losses covered by the insurance policy.

15. Conversely, Plaintiff received an estimate from its Oklahoma Public Insurance Adjuster which was provided to Defendant that confirmed the actual cost to repair those losses covered by the Policy total six hundred thousand two hundred sixty seven and 31/100 dollars ($652,867.31).

16. By failing to fully indemnify Plaintiff for losses covered by the contract of insurance, Defendant has breached its contractual obligations under the terms and conditions of the Policy with Plaintiff by failing to pay Plaintiff all benefits owed.

17. Defendant's conduct is the proximate cause of Plaintiff's damages.

18. As a result of the Defendant's breach of contract the Plaintiff has sustained financial losses.

19. Pursuant to 12 O.S. § 3629(B), Plaintiff is entitled to attorneys fees, costs and statutory interest at the rate of 15% per annum.

20. As a result of Defendant's breach of contract and other wrongful conduct,

Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
## BAD FAITH

21. Plaintiff adopts and incorporates by reference paragraphs 1 through 20 above as if fully plead herein, and for further claims against the Defendant alleges as follows:

22. Defendant owed a duty to Plaintiff to deal fairly and act in good faith.

23. Defendant breached their duty to deal fairly and act in good faith by failing to timely and properly investigate, evaluate and/or pay the Plaintiff's claim.

24. Defendant's obligations to the Plaintiff arise from both express written terms under the Policy as well as implied obligations under Oklahoma law.

25. Defendant's conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiff and constitutes bad faith.

26. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff's claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, and to the damage and detriment of Plaintiff.

27. As a result of the Defendant's conduct, the Plaintiff has sustained financial losses.

28. As a result of Defendant's conduct the Plaintiff has sustained financial losses and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs and interest.

29. The conduct of Defendant was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

30. The amount of punitive damages sought to be recovered is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

31. Plaintiff further alleges Defendant benfited from increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendant, SCOTTSDALE INSURANCE COMPANY, as follows:

 a. Payment of all contractual benefits for all coverages afforded to Plaintiff under the subject policy of insurance for damage to its Building and personal property caused by the December 14, 2013, wind/hail storm, together with interest on all amounts due;

 b. Disgorgement of the incureased financial benefits derived by Defendant as a direct result of Defendant's wrongful or intentional,

5

willful, malicious and/or reckless conduct;

c. Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00), and

d. Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

-and-

PATRICK C. McGINNIS, OBA #32561
**MERLIN LAW GROUP**
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
Phone: 713-626-8880
Fax: 713-626-8881
pmcginnis@merlinlawgroup.com

*ATTORNEY FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**